EFAW, CLAIMANT-PLAINTIFF, *v.* MATTHEWS ET, DEFENDANTS-APPELLANT.

Common Pleas Court, Montgomery County.

No. 118,190. Decided June 14, 1963.

Mr. *James C. Baggott*, for claimant-plaintiff.
*Messrs. Kuhns, Kennedy & Plattenburg,* for defendants-appellant.

(BAYNES, J., of Madison County, sitting by assignment in Montgomery County.)

BAYNES, J. The claimant-appellee seeks an order of the Court for an assessment against defendants-appellant under favor of Section 4123.521, Revised Code, which provides:

"In the case of an appeal by the employer to the industrial commission or to a court of common pleas, if upon deciding such appeal the commission or the court shall find that the employer appealed for the purpose of delay or other vexatious reason and without reasonable ground, the commission or the court may assess against the employer such sum not exceeding seven hundred and fifty dollars and not exceeding ten per cent of the total amount of the award in question as may be reasonable in the circumstances.

"The sums assessed under this section shall be paid to the claimant."

Since the original action was an appeal of an award to claimant by the Industrial Commission of Ohio, the meaning to be given to the words "purpose of delay or other vexatious reason and without reasonable grounds" should be given a con-

struction consonant with the evident purpose of the Section. It is for the purpose of protecting a lone individual employee from the unequal power of many or perhaps most employers to delay the employee from enjoying the rights and benefits that the Industrial Compensation statutes grant.

Although there is no statutory provision to that effect, it would seem that there ought to be something in the way of prima facie value or presumption in favor of the appellee akin to the presumption in favor of judgments from courts of record where no jurisdictional questions are involved. This should be true, even though the trial is de novo, where the award has been sustained by trial court verdict.

In this case defendant-appellant denied he was amenable to the Act. He did admit claimant was his employee on the date of the claimed occurrence. He denied that claimant received an accidental injury and that the injury, if any, was the proximate cause of the physical disabilities which claimant subsequently suffered.

The physical disability of claimant was substantial, and defendant-appellant offered no testimony constituting any new matter except that claimant's co-workers at the time, January 15, 1958, did not recall that he injured himself. There was a complete absence of any medical evidence to controvert a causal connection between the injury claimed and the subsequent physical condition.

On the state of the record we were and are of the opinion that, at the time the case was submitted to the jury, claimant was entitled as a matter of law to a verdict in his favor. This is to conclude that no open question of law was presented. The unanimous and speedy verdict of the jury confirms that there was no open question of fact.

In this view what defendant-appellant did, in effect, was to require claimant to prove his case a second time. We are of the opinion that such an appeal, by the employer, was the situation that the statute intended to penalize. Moreover, it is reasonable to conclude that if the defendant-appellant had been a complying employer rather than a non-complying employer this award would have been paid at least two years prior and there would have been no appeal.

The tenor of the definition of "vexatious" appearing in the several cases in Words and Phrases, v. 44, 388, tend to turn on the phrase "reasonable or probable cause or excuse." This necessarily is judged by the facts and development of the record. Most of those cases relate to original controversies and particularly as to private casualty insurance contracts construing Missouri law.

The only workmen's compensation case cited is *Board of Education, City of Chicago* v. *Industrial Commission*, 184 N. E., 202, 351 Ill., 128, decided by that Supreme Court on a question of payment delay subsequent to the award being final. The penalty assessed by the Commission was 50 per cent of the award. The statute also provided for a penalty where ". . . proceedings have been instituted or carried on by one liable to pay the compensation, which do not present a real controversy but are merely frivolous or for delay . . ."

The Court said, at page 204, 184 N. E.:

"While a contest in good faith of the award entered by the commission is not of itself evidence of unreasonable or vexatious delay, yet where as here, notwithstanding the injury occurred nearly six years before this petition was filed, nearly three months were allowed to elapse after such final disposition without any payment on the award, we cannot say that, if such facts stood alone, the commission was not justified, as a matter of fact, that there had been vexatious and unreasonable delay in payment of the award."

We think the "good faith" test referred to in some of the cases has to be measured by:

(1) The extent of the administrative hearings with a presumption of validity in favor of the commission's finding in making an award.

(2) Failure to controvert claimant's trial testimony by nothing but negative testimony by appellant, so as to require claimant to prove his claim a second time.

(3) Whether, upon trial, claimant would be entitled to judgment as a matter of law, and no open substantial question of law is raised.

If in applying these tests no probable cause for the appeal appears, then it axiomatically follows that there was no

410

good faith, which connotes some affirmative favorable fact supporting appellant's contentions.

In this view we think appellant should be required to pay to claimant a sum of $200 or ten per cent of the Commission's award, which ever is the lesser, as the appeal was for vexatious reason and without reasonable ground.

An entry is accordingly filed.