JOYCE MANIS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Exclusively Expo, Inc., Appellee).

First District (Industrial Commission Division)   No. 1—90—2206WC

Opinion filed June 5, 1992.

Kane, Doy & Harrington, Ltd., of Chicago (Gregory E. Ahern, of counsel), for appellant.

Potter & Schaffner, of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

The employer, Exclusively Expo, Inc., appeals the order of the circuit court which set aside the decision of the Industrial Commission (Commission) and reinstated the award of the arbitrator. The circuit court further ordered that a determination of whether claimant Joyce Manis should benefit from vocational rehabilitation be made by the Commission upon remand. We reverse.

The pertinent facts are as follows. Claimant, 48, began working for the employer in about August of 1987. Her duties consisted of getting on her knees and pulling vinyl from a large roll of vinyl, which weighed about 100 pounds and was about 32 inches wide. After claimant pulled the vinyl from the roll, she placed the vinyl upon a machine. On February 8, 1988, claimant experienced sudden pain in her shoulder area while working. Claimant underwent a course of treatment which culminated in a cervical fusion. On August 16, 1988, claimant returned to work with restrictions from her physician, Dr. Lim, that included a four-hour work day, lifting no more than 10

pounds, and no bending, crawling, climbing or rapid movement. Upon her return to work, she experienced pain associated with movement of her arm and head.

Claimant was again authorized by Dr. Lim to return to work on September 12, 1988, although this authorization did not include any restrictions. Claimant, however, experienced a substantial increase in pain upon returning to work and sought further treatment from her chiropractic physician, Dr. Tenny. Dr. Tenny recommended that claimant change jobs. On November 7, 1988, Dr. Lim advised claimant to seek a job which did not require constant motion of the arm, shoulder and neck. Dr. Triester, an orthopedic surgeon who examined claimant on April 4, 1989, found that she could not do any type of work which required repetitive, left upper extremity utilization, and recommended vocational rehabilitation.

Claimant's previous work experience included jobs as a machine operator, a hairdresser, a waitress and as a fast-food cook. Claimant had an 11th-grade education and had completed a course in cosmetology. Subsequent to Dr. Tenny's recommendation that she change jobs, claimant did not seek other employment.

The arbitrator rendered his decision on June 24, 1989, awarding claimant temporary total disability benefits for a period of 66³/₇ weeks and medical expenses totalling $21,579.05. The decision of the arbitrator does not reflect a finding that claimant was in need of vocational rehabilitation. On November 1, 1989, the Industrial Commission rendered its decision, which reduced the period of benefits to 33⁴/₇ weeks. On June 6, 1990, the circuit court entered an order which reversed the Commission, reinstating the period of benefits the arbitrator had awarded, and further ordering that claimant's need for vocational rehabilitation be evaluated.

■ In the recent case of *Hayden v. Industrial Comm'n* (1991), 214 Ill. App. 3d 749, 754, 574 N.E.2d 99, the court explained:

> "An employee is totally disabled when he cannot perform any service except those for which no reasonable stable labor market exists. [Citations.] Section 8(b) of the Act provides that 'weekly compensation *** shall be paid *** as long as the total temporary incapacity lasts.' [Citation.] An employee is temporarily totally incapacitated from the time that the injury incapacitates him for work until such time as he is as far recovered or restored as the permanent character of the injury will permit. [Citations.] Thus, once an injured employee's physical condition stabilizes, he is no longer eligible for temporary total disability benefits."

Whether a claimant is entitled to compensation for temporary total disability generally and for how long she is entitled to such benefits are questions of fact, and the reviewing court will only disturb these findings of the Commission if contrary to the manifest weight of the evidence. (*Phillips Getschow Co. v. Industrial Comm'n* (1988), 172 Ill. App. 3d 769, 527 N.E.2d 114; *Archer Daniels Midland Co. v. Industrial Comm'n* (1990), 138 Ill. 2d 107, 118-19, 561 N.E.2d 623.) While in the case *sub judice* we hold that the Commission's determination of the duration of claimant's temporary total disability was not against the manifest weight of the evidence, we do so on somewhat different grounds than the parties argue, and on somewhat different grounds than the Commission appears to have based its determination.

Both claimant and the employer focus on the issue of whether claimant was able to work in another capacity during the time of her treatment after her injury, the employer emphasizing, as the Commission appeared to in its decision, that claimant did not appear to seek alternative employment after it was suggested that she needed to do so by her physicians, and claimant emphasizing that she would not have been able to find employment within her restrictions based on her education and work experience. What neither party focuses on, but what we feel to be dispositive of the issue, is the fact that claimant's condition, which the employer admits was temporarily disabling until November 7, 1988, the last day which the Commission determined claimant to be disabled, had stabilized at that point.

■ In *Archer Daniels Midland,* our supreme court restated the settled law that "an employee is temporarily totally incapacitated from the time an injury incapacitates him for work until such time as he is as far recovered or restored as the permanent character of his injury will permit." (138 Ill. 2d at 118.) The court further observed that "[o]nce an injured employee's physical condition stabilizes, he is no longer eligible for [temporary total disability] benefits, although he may be entitled to [permanent disability compensation under the Act]." (138 Ill. 2d at 118.) In fact, the Illinois Workers' Compensation Act provides for awards of temporary total disability in cases where "the disabling condition is temporary and has not reached a permanent condition." Ill. Rev. Stat. 1987, ch. 48, par. 138.19(b).

On November 7, 1988, Dr. Lim reviewed claimant's injury and wrote "[b]ecause of her neck problem, it is not advisable for her to continue in her present occupation. *** I suggest that she change her job to a less physically demanding job. She should have a job that does not involve constant motion of the arm, shoulder and neck." Dr. Triester, writing April 4, 1989, stated "I believe that the nerve irrita-

tion that this patient now experiences [based upon both an objective finding and a subjective basis] all represent permanent changes and I do not believe that this lady will be able to do any type of work which requires repetitive left upper extremity utilization." The employer's physician, Dr. Cooper, wrote with respect to claimant on April 14, 1989: "This patient has a permanent partial impairment of the left upper extremity[.]"

■ The employer did not dispute below that claimant was disabled until she initially returned to work without restrictions. On appeal, the employer does not argue that claimant was not disabled from September 23, 1988, to November 7, 1988. While Dr. Lim's statement of November 7, 1988, does not expressly state whether claimant's condition was permanent, or had stabilized (although by suggesting a change of occupation, it could be inferred that Lim felt the condition was permanent), it is clear that Drs. Triester and Cooper referred to the same condition which existed on November 7, 1988. Given that on that date claimant's disability had become permanent, under the above authority it was at that time no longer temporary. We therefore hold that the Commission's decision as to the duration of claimant's temporary total disability was not against the manifest weight of the evidence. In so holding, we note that whether claimant was entitled to either permanent partial or permanent total disability benefits after November 7, 1988, was not addressed by the Commission, nor is it addressed by this court.

Finally, we address whether it was error for the trial court to order the action remanded to the Commission to determine whether claimant was entitled to vocational rehabilitation.

■ In *Howlett's Tree Service v. Industrial Comm'n* (1987), 160 Ill. App. 3d 190, 513 N.E.2d 82, the court discussed a claimant's entitlement to vocational rehabilitation under the Act (see Ill. Rev. Stat. 1987, ch. 48, par. 138.8(b)). The court stated:

> "Under section 8(b) of the Act [citation], only necessary vocational rehabilitation expenses are to be awarded. A claimant is generally entitled to rehabilitation expenses if he sustained an injury which caused a reduction in earning power and there is evidence rehabilitation will increase his earning capacity. [Citation.]" (*Howlett's*, 160 Ill. App. 3d at 193.)

The determination of whether vocational rehabilitation is appropriate in a given case involves many factors. See *National Tea Co. v. Industrial Comm'n* (1983), 97 Ill. 2d 424, 454 N.E.2d 672.

■ In the case *sub judice*, the trial court remanded the matter of claimant's entitlement to these expenses on the belief, as stated in the

662

trial court's decision, that the Arbitrator had determined claimant was entitled to the expenses. The record reveals, however, that the Arbitrator's decision was silent as to the issue, and there is no indication in the record that claimant actually argued the matter to the Commission. Given claimant's apparent failure to properly raise the matter below, we hold that it was error for the trial court to remand a matter to the Commission which was never raised before the Commission at the appropriate time.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

McCULLOUGH, P.J., and WOODWARD, H. LEWIS, and STOUDER, JJ., concur.