ROBERT F. BEUSE, SR., Plaintiff-Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (The Village of Franklin Park, Appellee).

First District (Industrial Commission Division) No. 1—97—3702WC

Opinion filed September 22, 1998.

Robert S. Kosin, Ltd., of Chicago (Marilyn I. Kosin, of counsel), for appellant.

Freeborn & Peters, of Chicago (Janna M. Miller, of counsel), for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Robert F. Beuse, Sr., appeals from an order of the circuit court of Cook County confirming the decision of the Illinois Industrial Commission (Commission). Respondent employer is the Village of Franklin Park, for which claimant worked as a fireman. The arbitrator awarded claimant $371.36 per week for 94 weeks for 40% loss of use of the right arm, and $453.95 per week for $79^6/_7$ weeks for temporary total disability (TTD). 820 ILCS 305/8(b), (e) (West 1996). Finding the claimant was released for light-duty work and failed to look for work, the Commission vacated the award for TTD from April 27, 1994, through April 25, 1995 ($51^6/_7$ weeks), but affirmed in all

other respects. The issue on appeal is whether the Commission decision vacating a portion of the TTD awarded by the arbitrator was against the manifest weight of the evidence because claimant did not seek employment when he was on light-duty disability, no light-duty job existed with respondent, an independent medical expert had released him to full duty, and respondent would not allow him to return to full duty until he was released from duty disability status. We affirm. Only those facts necessary to an understanding of this court's disposition will be discussed.

 ■ We first note that the record shows the parties stipulated that claimant was given his regular wage benefits from October 14, 1992, the day after the injury, to October 13, 1993. It was also stipulated that claimant was paid TTD from the date of October 14, 1993, through April 27, 1994. The union contract between the firemen and the respondent did not allow firemen to work light duty.

> "The time during which a worker is temporarily totally disabled is a question of fact. The Commission's decision will not be disturbed unless it is against the manifest weight of the evidence. *Archer Daniels Midland Co. v. Industrial Comm'n*, 138 Ill. 2d 107, 118-19, 561 N.E.2d 623, 627-28 (1990). ***.
>
> The duration of TTD is controlled by the claimant's ability to work and his continuation in the healing process. To show entitlement to TTD benefits, claimant must prove not only that he did not work, but that he was unable to work. *Gallentine v. Industrial Comm'n*, 201 Ill. App. 3d 880, 887, 559 N.E.2d 526, 531 (1990)."
> *City of Granite City v. Industrial Comm'n*, 279 Ill. App. 3d 1087, 1090, 666 N.E.2d 827, 828-29 (1996).

In *Manis v. Industrial Comm'n*, 230 Ill. App. 3d 657, 660, 595 N.E.2d 158, 160 (1992), we found that the claimant and respondent "focus[ed] on the issue of whether claimant was able to work in another capacity during the time of her treatment after her injury," and that "neither party focuse[d] on *** what we [felt] to be dispositive of the issue, *** the fact that claimant's condition *** had stabilized."

> "In *Archer Daniels Midland*, our supreme court restated the settled law that 'an employee is temporarily totally incapacitated from the time an injury incapacitates him for work until such time as he is as far recovered or restored as the permanent character of his injury will permit.' (138 Ill. 2d at 118.) The court further observed that '[o]nce an injured employee's physical condition stabilizes, he is no longer eligible for [temporary total disability] benefits, although he may be entitled to [permanent disability compensation under the Act].' (138 Ill. 2d at 118.) In fact, the Illinois Workers' Compensation Act provides for awards of temporary total disability in cases where 'the disabling condition is temporary

and has not reached a permanent condition.' Ill. Rev. Stat. 1987, ch. 48, par. 138.19(b)." *Manis*, 230 Ill. App. 3d at 660, 595 N.E.2d at 160-61.

■ In this case, the significance of April 27, 1994, is that is when Dr. James Ryan said claimant could return to full duty without restrictions. Claimant's treating physician, Dr. Jeffrey Meisles, said he could return to light duty on November 11, 1993. Respondent does not raise an issue that TTD should have been stopped on November 11, 1993, but utilizes the date of April 27, 1994. It is undisputed that no light-duty work with respondent was available to claimant. Respondent relies on the fact that claimant did not look for a light-duty job someplace else. Claimant responds that he was effectively prevented from doing so by respondent attempting to have his disability pension revoked and return him to full-duty employment. Respondent also relies on the fact that claimant testified that no one from respondent ever told him he could not continue to receive his pension and perform light-duty work on another job.

The release to light duty must be put in perspective as but one factor to be considered in determining whether a claimant has reached maximum medical improvement. Equally important is the medical testimony concerning the claimant's injury, the extent thereof, the prognosis and, most importantly, whether the injury has stabilized.

*National Lock Co. v. Industrial Comm'n*, 166 Ill. App. 3d 160, 519 N.E.2d 1172 (1988), *Ford Motor Co. v. Industrial Comm'n*, 126 Ill. App. 3d 739, 467 N.E.2d 1018 (1984), and *Zenith Co. v. Industrial Comm'n*, 91 Ill. 2d 278, 437 N.E.2d 628 (1982), involved Commission decisions with respect to "release to light duty" in TTD awards. It is important to note that, in all of these cases, the Commission decision was affirmed.

As we stated in *Sorenson v. Industrial Comm'n*, 281 Ill. App. 3d 373, 666 N.E.2d 713 (1996), "whether an employee is temporarily totally disabled is a question of fact and we will not disturb that decision unless it is against the manifest weight of the evidence," that is, unless a contrary result is clearly apparent. *Sorenson*, 281 Ill. App. 3d at 385, 666 N.E.2d at 721.

Here, Meisles said claimant could do light-duty work and stated his expectation "that he will reach his level of maximum medical improvement within about six to nine months." In December 1993, Ryan said the condition was temporary and sent him to get a Cybex test and prescribed physical therapy. In April 1994, Ryan stated that claimant could return to full duty as a fireman.

A reviewing court will not substitute its judgment for that of the Commission merely because different reasonable inferences might

have been drawn from the evidence. *Boatman v. Industrial Comm'n*, 256 Ill. App. 3d 1070, 1072, 628 N.E.2d 829, 831 (1993). The finding of the Commission with regard to the duration of claimant's TTD is not against the manifest weight of the evidence.

The judgment of the circuit court of Cook County, confirming the decision of the Commission, is affirmed.

Affirmed.

RAKOWSKI, HUTCHINSON, HOLDRIDGE, and RARICK, JJ., concur.