NATIONAL MANUFACTURING, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Doris Nornhold, Appellee).

Third District (Industrial Commission Division) No. 3—01—0341WC

Opinion filed July 22, 2002.—Rehearing denied July 22, 2002.

James W. Hulbert, Matthew B. Schiff, and Bridget A. Neuson, all of Schiff & Hulbert, of Chicago, for appellant.

Randall K. Reese and Jason A. Lawrence, both of Reese & Reese, of Rockford, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Claimant, Doris Nornhold, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1994)) for injuries sustained on September 16, 1997, while employed as a laborer at National Manufacturing Company. An arbitrator for the Illinois Industrial Commission (Commission) issued a decision finding that claimant had sustained injury as a result of a work accident on September 16, 1997, and awarded claimant 6¹/₇ weeks temporary total disability (TTD) benefits and medical expenses in the amount of $7,738.10, and finding that claimant was entitled to permanent partial disability (PPD) benefits under section 8(e) of the Act for 40% of the left leg. In addition, the arbitrator found that the employer's conduct in delaying payment of benefits was unreasonable and vexatious. Accordingly, the arbitrator awarded penalties in accordance with section 19(k) and attorney fees in accordance with section 16(l). The arbitrator calculated penalties and attorney fees as a percentage of the entire award (both TTD and PPD benefits).

The employer sought review before the Commission, which affirmed and adopted the arbitrator's award with one modification. The Commission calculated the penalties and fees as a percentage of only the TTD benefits. The majority of the Commission agreed with the employer's contention that, as no PPD benefit was "due and owing" at the time of the arbitration hearing, there could be no "unreasonable and vexatious" delay in paying PPD benefits. Thus, the Commission held that penalties and fees would only be calculated based upon the amount "due and owing" at the time of the arbitration hearing. One commissioner dissented from the modification, maintaining that the plain language of the Act required calculation of penalties and fees based upon the "amount payable at the time of such award."

Claimant then sought review in the circuit court of Whiteside County, which remanded the case to the Commission for further decision as to the issue of assessment of penalties and attorney fees. The court held that the calculation of penalties and fees could be based upon the entire amount awarded at arbitration, including PPD benefits. On remand, the Commission, again with one dissent, modified the earlier decision and found that penalties and fees should be calculated based upon the entire award. The employer then appealed to the circuit court of Whiteside County, which confirmed the decision of the Commission. The employer then appealed to this court.

The employer does not dispute the Commission's finding that it engaged in unreasonable and vexatious conduct in failing to promptly pay TTD and medical benefits to the claimant. Nor does the employer dispute the imposition of penalties and attorney fees against it. Indeed,

the only issue before this court is the proper amount of penalties and attorney fees to be imposed against the employer for its unreasonable and vexatious delay in payment of TTD and medical benefits. Specifically, we must determine whether the calculation of penalties under section 19(k) and attorney fees under section 16 of the Act may be based on the entire amount of compensation awarded by the Commission to a claimant, including an award of PPD, which was not known by the parties until the award was entered.

■ The question presented in this case requires us to interpret section 19 and section 16 of the Act. Statutory interpretation is a question of law subject to *de novo* review. *Navistar International Transportation Corp. v. Industrial Comm'n*, 315 Ill. App. 3d 1197 (2000). The primary goal of statutory construction is to ascertain and give effect to the intention of the legislature and the best way of doing so is to examine the language of the statute. *Navistar*, 315 Ill. App. 3d at 1207.

■ Section 19(k) provides:
"In case[s] where there has been *any* unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of *the amount payable at the time of such award.* Failure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay." (Emphasis added.) 820 ILCS 305/19(k) (West 1992).

A plain reading of the statute shows the intent of the legislature that *any* unreasonable, vexatious or frivolous conduct will trigger penalty equal to 50% of *the amount payable at the time of such award.* Thus, the amount of the penalty is not tied to the amount of the vexatiously withheld payment, in which case the statute would have simply stated that the penalty would be equal to 50% of the withheld payment. Clearly, the statute links the penalty to the amount payable at the time of the award, not the amount vexatiously withheld from the claimant. The statute is intended to address situations where there is not only a delay in payment of compensation, but a delay that is unreasonable and vexatious in nature. *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 515 (1998). But the question still must be answered as to what constitutes "the amount payable at the time of the award."

Here, the employer acted unreasonably and vexatiously in withholding payment of TTD benefits and claimant was entitled to penal-

ties equal to 50% of *the amount payable at the time of such award*. An award of PPD was entered at the same time the penalty was awarded. The question before us is whether the PPD should be included in the "amount payable at the time of the award." We hold that it is not.

In *Moore v. Industrial Comm'n*, 188 Ill. App. 3d 31 (1989), the court was asked to interpret the phrase "amount payable" in section 19(k) of the Act. The court considered Larson's treatise on workers' compensation:

> " 'Once the right to a penalty is established, there remains the question in some instances of how to calculate the amount. It might be thought that the percentage penalty figure should be applied only to the portion of the award as to which improper nonpayment or delay has been found, and some cases so hold. But in California, the 10% statutory penalty is applied to all benefits of the same type as those for which payment has been unreasonably withheld. This means that late payments of only legal fees or medical bills will not subject the employer to a penalty on the entire award. Likewise, if the delayed payments are for temporary disability, the penalty will not be calculated on the amount of permanent disability benefits. But once a penalty is imposed for failure to pay a type of benefit, the penalty is calculated on the entire amount of that type of benefit[ ], including amounts which had been paid before the occurrence of the unreasonable delay.' 3 A. Larson, Workmen's Compensation, § 83.41(d) (1989)." *Moore*, 188 Ill. App. 3d at 35-36.

■ We note, however that in the instant matter, unlike *Moore*, no benefit had been paid at the time the penalty was imposed. However, we find the analysis of the *Moore* court, holding that the "amount payable" as used in section 19(k) meant that the penalty is to be 50% of the entire type of benefit awarded, to be instructive. In essence, for purposes of calculation of penalties under section 19(k), each type of benefit (TTD, PPD and medical) constitutes "an award." *Moore*, 188 Ill. App. 3d at 36. Further, section 19(k) penalties and attorney fees pursuant to section 16 may be based on the entire amount of an award that has accrued or only upon the unpaid portion thereof, as the Commission in its discretion sees fit. *Navistar International Transportation Corp. v. Industrial Comm'n*, 331 Ill. App. 3d 405, 414 (2002).

■ Here, since the employer was found to have unreasonably withheld payment of the entire TTD benefits, the penalty should have been 50% of the entire TTD, but should not have included PPD benefits, none of which had accrued at the time of the penalty hearing, in the calculation. See *Zitzka v. Industrial Comm'n*, 328 Ill. App. 3d 844, 852 (2002) ("penalties and attorney fee awards should be calculated on the amount of the award that has accrued at the time of the penalty hearing"). We therefore reverse the judgment of the circuit

court of Whiteside County and reinstate the decision of the Commission dated June 8, 1999.

Circuit court reversed; Commission decision of June 8, 1999, reinstated.

McCULLOUGH, P.J., and HOFFMAN, O'MALLEY, and RARICK, JJ., concur.