(No. 21540.—

THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (RIGENA PETRU, Defendant in Error.)

*Opinion filed December 23, 1932—Rehearing denied Feb. 8, 1933.*

DeYoung, J., dissenting.

Thomas V. Sullivan, (Ernest L. Duck, Arthur J. McGinnis, and Ralph W. Condee, of counsel,) for plaintiff in error.

J. W. Koucky, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

This is a petition under paragraph (*k*) of section 19 of the Workmen's Compensation act for the imposition of a penalty for unreasonable or vexatious delay in the payment of compensation awarded by the Industrial Commission. The award as entered in this cause and finally confirmed was in the sum of $2183. It was first entered for a less amount on May 24, 1929. Later, on remandment from the circuit court of Cook county, the amount named was entered as an award. This award was finally confirmed by the circuit court on July 17, 1931. The petition for penalty under paragraph (*k*) of section 19 was filed with the Industrial Commission on October 13, 1931. The accident out of which this award grew occurred on December 8, 1925, while defendant in error, Rigena Petru, was

a janitress employed by plaintiff in error. Numerous proceedings in this cause were had during the years that elapsed. On December 8, 1931, the Industrial Commission entered its decision under paragraph (*k*) of section 19 of the Compensation act, awarding a penalty of fifty per cent for vexatious and unreasonable delay in the payment of the award, making the total sum due under its finding $3055. The cause was taken by plaintiff in error on *certiorari* to the circuit court of Cook county, where on April 18, 1932, the circuit court confirmed the decision of the Industrial Commission and quashed the writ of *certiorari*. On petition of plaintiff in error this court at the October, 1932, term awarded a writ of error.

The principal ground on which it is sought to reverse the judgment of the circuit court confirming the decision of the Industrial Commission is that paragraph (*k*) of section 19 of the Workmen's Compensation act is unconstitutional. As to this assignment of error it is sufficient to say that the question of the constitutionality of the act was not raised in the circuit court and it therefore comes too late when presented here for the first time. The record of the circuit court must disclose in some manner that such question was presented to it for determination before it can be raised in this court. *Odin Coal Co.* v. *Industrial Com.* 297 Ill. 392; *Davis* v. *Industrial Com.* 297 id. 29; *Savoy Hotel Co.* v. *Industrial Board,* 279 id. 329.

It is urged that the Industrial Commission has no jurisdiction under paragraph (*k*) of section 19 when its decision entering an award has become theretofore final. In support of this contention it is said that the only manner in which the Industrial Commission can again acquire jurisdiction is by an order of the circuit court remanding the cause to it for further proceedings, as provided in paragraph (*f*) of section 19 of the act. Paragraph (*k*) is as follows: "In any case where there has been any unreasonable or vexatious delay of payment or intentional under-payment of compen-

sation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the commission may award compensation additional to that otherwise payable under this act equal to fifty percentum of the amount payable at the time of such award. Failure to pay compensation in accordance with the provisions of section 8, paragraph (*i*) of this act shall be considered unreasonable delay." This paragraph clearly contemplates that proceedings to impose the penalty there provided shall first be instituted before the Industrial Commission. By its nature it is clear that such proceeding can be brought only after the Industrial Commission has made an award which has become final either by confirmation on review or the lapse of time for review without such being sought. "Unreasonable or vexatious delay," as used in the act, necessarily contemplates the passage of a greater period of time than that allowed for an application for *certiorari* to review the action of the commission. It may be further observed that delay necessarily occasioned by review of the award of the Industrial Commission, prosecuted in good faith, can scarcely be considered vexatious. The construction clearly demanded by paragraph (*k*) of section 19 of this act is that the commission is to hear an application for the imposition of penalty in the first instance by a petition before it. Plaintiff in error's contention of lack of jurisdiction in the commission is not tenable. The nature of the relief sought prevents the construction sought by plaintiff in error.

It is also argued that it was incompetent to introduce before the commission any proceedings or acts prior to the final confirmation of the original award. It was unnecessary to introduce in evidence before the commission its own records in the case since the commission might properly refer to them without their introduction in evidence. Plaintiff in error was not, however, thereby prejudiced on

the hearing before the commission. Vexatious or unreasonable delay is a question of fact. The final confirmation of this award by the circuit court was entered on July 17, 1931, and the petition herein was filed on October 13, 1931. It was proper, when the petition under paragraph (*k*) of section 19 was being considered, that the commission refer to its record of what had occurred since the filing of the original application for compensation. While a contest in good faith of the award entered by the commission is not of itself evidence of unreasonable or vexatious delay, yet where, as here, notwithstanding the injury occurred nearly six years before this petition was filed, nearly three months were allowed to elapse after such final disposition without any payment on the award, we can not say that, if such facts stood alone, the commission was not justified in finding, as a matter of fact, that there had been vexatious and unreasonable delay in payment of the award. In determining whether such delay has been unreasonable or vexatious regard must be had to the circumstances attending the delay, the nature of the case and the relief demanded, and also to the question whether the rights of the claimant have been prejudiced by that delay. (*Taylor* v. *City of Bayonne,* 57 N. J. L. 376, 30 Atl. 431.) Yet it is but reasonable to say that where all legal proceedings have been exhausted and a considerable time has been permitted to elapse thereafter during which the award is not paid, it is incumbent upon the one liable to pay the same to excuse the delay. Paragraph (*k*) of section 19 provides that such failure to pay shall be considered unreasonable delay.

Counsel for plaintiff in error say that it appeared on the hearing of the petition herein that the plaintiff in error did not have the money with which to pay this award, and that this fact, where its counsel express a willingness to pay the same, is evidence of a *bona fide* attempt on its part to do so and is sufficient to prevent the imposition of the penalty. They say that such an imposition necessarily presup-

poses bad faith or an actual attempt to evade the law on the part of the one against whom penalty is assessed, and that since the plaintiff in error has been unable to obtain the funds with which to pay this award no basis for the imposition of a penalty exists. It appears from the record on the hearing of this petition that certain statements of counsel were admitted as evidence, some of which indicated that plaintiff in error did have the money or would have it within a day or two. Other statements were to the effect that it did not have the necessary funds. It does not appear that funds belonging to plaintiff in error were not available for that purpose or that funds necessary to pay the award could not be procured. While it is suggested that by reason of the delay in collection of taxes there has been a great shortage of money, yet we cannot say that the inability of the plaintiff in error to procure funds sufficient to pay this judgment has been shown in this record. No reason is shown why a municipal corporation should be declared exempt from the operation of paragraph $(k)$ of section 19 of the act. While the additional liability imposed by the act is designated a penalty, it is clear that it is imposed in the interest of the applicant as well. It is but just, therefore, that the defendant in error be compensated, as contemplated by paragraph $(k)$ of section 19 of the Workmen's Compensation act, for a delay in the payment of the award where no more adequate excuse than shown here exists.

We are of the opinion, therefore, that the judgment of the circuit court in confirming the action of the Industrial Commission imposing the penalty in this case was right. The judgment of that court will be affirmed.

*Judgment affirmed.*

Mr. Justice DeYoung, dissenting.