ROODHOUSE ENVELOPE COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION et al. (Myrtle Allen, Appellee).

Fourth District (Industrial Commission Division) No. 4—94—0531WC

Opinion filed September 28, 1995.

Robert N. Hendershot, of Evans & Dixon, of St. Louis, Missouri (James M. Gallen (argued), of counsel), for appellant.

Pratt, Bradford & Tobin, P.C., of East Alton (James R. Carey (argued), of counsel), for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:
Claimant, Myrtle Allen, filed an application for adjustment of claim, pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, pars. 138.1 through 138.30 (now 820 ILCS Ann. 305/1

through 305/30 (Michie 1993))) alleging injuries arising out of and in the course of her employment with Roodhouse Envelope Company (employer).

Following an emergency hearing pursuant to section 19(b—1) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 131.19(b—1) (now 820 ILCS Ann. 305/19(b—1) (Michie 1993))), the arbitrator found that the claimant was entitled to 94⁵/₇ weeks of temporary total disability benefits (TTD) at the rate of $168.67 per week, *i.e.*, $15,975, and $7,419.29 for necessary medical expenses. The arbitrator also found, pursuant to a stipulation of the parties, that the respondent had paid $7,421.92 in TTD benefits prior to the hearing.

The employer filed a petition for review of the arbitrator's decision with the Industrial Commission (Commission). The Commission affirmed the arbitrator's award. The employer did not seek review of the Commission's decision by the circuit court.

After more than two months had passed without the employer paying the award, the claimant filed a petition with the Commission for penalties pursuant to sections 19(k) and 19(l) of the Act (Ill. Rev. Stat. 1989, ch. 48, pars. 138.19 (k), (l) (now 820 ILCS 305/19(k), (l) (Michie 1993))). The claimant also petitioned for attorney fees pursuant to section 16 of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.16 (now 820 ILCS Ann. 305/16 (Michie 1993))).

The Commission, finding that the employer's failure to pay the award promptly was unreasonable and vexatious, awarded section 19(k) penalties in the amount of 50% of the total TTD award ($15,974.74), for a penalty of $7,987.37. The Commission also awarded section 19(l) penalties in the amount of $870 representing 87 days at $10 per day. Section 16 attorney fees were found to be $1,597.47, based upon 20% of the section 19(k) penalties. The employer appealed the Commission's award to the circuit court, and the circuit court confirmed the Commission's order.

On appeal, the employer contends that (1) the Commission lost jurisdiction to impose penalties after no appeal was taken on the Commission's original award of TTD and medical expenses; (2) the Commission's determination that the employer's delay in payment of the award was unreasonable and vexatious was against the manifest weight of the evidence; and (3) the Commission improperly calculated the amount of penalties by failing to give the employer credit for voluntary TTD payments of $7,421.92 made prior to the arbitration award. We affirm the Commission's imposition of penalties and attorney fees, and remand with direction that the section 19(k) penalty and attorney fees be recalculated.

■ The employer initially argues that the Commission lacked ju-

risdiction to impose penalties and attorney fees. The employer suggests that once the time for appeal of a Commission award has lapsed, the circuit court has sole jurisdiction to enforce the award and assess penalties under section 19(g) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 131.19(g) (now 820 ILCS Ann. 305/19(g) (Michie 1993))).

The employer's argument has been rejected by our supreme court in *Board of Education v. Industrial Comm'n* (1932), 351 Ill. 128, 184 N.E. 202. In *Board of Education*, a petition for penalties was filed with the Commission pursuant to section 19(k), *after* the Commission had entered an award and the circuit court confirmed. On appeal, the employer argued that the Commission had no jurisdiction under section 19(k) to assess penalties after its decision entering an award became final. Our supreme court rejected this argument, stating:

"[Section 19(k)] clearly contemplates that proceedings to impose the penalty there provided shall first be instituted before the Industrial Commission. By its nature it is clear that such proceeding can be brought only after the Industrial Commission has made an award which has become final either by confirmation on review *or the lapse of time for review without such being sought.*" (Emphasis added.) (*Board of Education*, 351 Ill. at 131, 184 N.E. at 203.)

Based upon the controlling authority of *Board of Education*, we find the employer's argument that the Commission lacked jurisdiction to impose penalties and fees to be without merit.

■ The employer next maintains that it did not act in an unreasonable or vexatious manner in delaying payment on the award. Rather, it claims that it properly delayed payment of the award pending the conclusion of settlement negotiations with the claimant and that once it realized settlement was unattainable, it immediately paid the award. The Commission found this explanation to be unreasonable.

When an employer chooses to delay payment of compensation, it has the burden of showing that it had a reasonable belief that the delay was justified. (*Lester v. Industrial Comm'n* (1993), 256 Ill. App. 3d 520, 524, 628 N.E.2d 191, 194.) It is well settled that whether an employer acted unreasonably or vexatiously in refusing to pay benefits is a question of fact to be determined by the Commission and such findings will not be disturbed by a reviewing court unless the determination is against the manifest weight of the evidence. *Crockett v. Industrial Comm'n* (1991), 218 Ill. App. 3d 116, 121-22, 578 N.E.2d 140, 143.

The Commission's finding that the employer unreasonably and vexatiously delayed payment of the award is not against the manifest

weight of the evidence. The employer presented no evidence to support its contention that the delay in paying the award was reasonable; nor was there any evidence that the parties were mutually engaged in settlement negotiations. The record shows that the employer did not pay the arbitration award until 87 days after it had received notification of the award. The record further indicates that the employer made no contact with the claimant's attorney to discuss settlement until approximately one week before the petition for penalties was filed. The claimant's response to those settlement overtures was to reiterate her demand for payment of the award. Clearly, a final and binding award of compensation had been entered and there was nothing regarding the award in need of negotiation. Accordingly, the Commission's decision to impose penalties was not contrary to the manifest weight of the evidence. See *Lester*, 256 Ill. App. 3d at 524, 628 N.E.2d at 194.

■ The employer lastly maintains that the Commission improperly calculated the section 19(k) penalty by not giving it credit for TTD payments made prior to the hearing. The employer's contention requires this court to examine the statutory construction of section 19(k) of the Act, which states as follows:

"In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the *amount payable at the time of such award*. Failure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 48, par. 138.19(k) (now 820 ILCS Ann. 305/19(k) (Michie 1993)).

The employer asserts that the Commission misinterpreted the provision concerning the "amount payable at the time of such award" when it failed to credit the respondent with the amount of TTD paid prior to the entry of the award. The employer contends that the amount of TTD benefits "payable at the time of such award" should reflect a credit for the stipulated payments as referenced in the arbitrator's decision. We agree.

Relying upon *Moore v. Industrial Comm'n* (1989), 188 Ill. App. 3d 31, 35-36, 543 N.E.2d 1062, 1065, claimant contends that once a penalty is imposed for failure to pay a benefit, the penalty is to be calculated on the entire amount of that type of benefit, not only on the amount remaining unpaid at the time the penalty is awarded.

We agree that the claimant has properly stated the holding in *Moore*. We do not agree, however, with the claimant's assertion that *Moore* mandates that the employer cannot receive credit for payments stipulated to prior to arbitration.

In *Moore*, the arbitrator awarded 20 weeks of TTD and $85^1/_4$ weeks of permanent partial disability (PPD) and determined that the respondent was entitled to a credit of $4,139.20 previously paid by the employer to the claimant. (*Moore*, 188 Ill. App. 3d at 32, 543 N.E.2d at 1063.) The arbitrator noted the pre-award payment was approximately equal to the TTD portion of the award. (*Moore*, 188 Ill. App. 3d at 32, 543 N.E.2d at 1063.) In its appeal to the Commission, the respondent, for the first time, attempted to obtain an *additional* credit for another previous payment of $4,811.12. The Commission held that the employer was not entitled to take this credit against the award since it had failed to request credit for this payment from the arbitrator, even though the payment had been made prior to the hearing. (*Moore*, 188 Ill. App. 3d at 33, 543 N.E.2d at 1063.) The employer subsequently deducted from the PPD an amount equal to the credit it had attempted to claim before the Commission. The Commission imposed a penalty under section 19(k) of $8,820.09, which was 50% of the entire original PPD award. (*Moore*, 188 Ill. App. 3d at 33, 543 N.E.2d at 1063.) The circuit court reversed the Commission, ruling that the penalty should be based upon the amount of benefit due at the time of the penalty hearing. The appellate court reversed the circuit court's ruling and reinstated the Commission's award. *Moore*, 188 Ill. App. 3d at 37, 543 N.E.2d at 1066.

We find the facts in *Moore* to be distinguishable from the matter *sub judice*. In *Moore*, the employer attempted to take a credit against the arbitrator's award for a payment that it claimed had been made to the claimant prior to the arbitration hearing, even though no finding of such payments was included in the arbitrator's decision. In the instant case, the employer and the claimant stipulated to pre-award payments and the arbitrator included in his decision a finding of fact that these payments were made.

But more compelling, we hold that to the extent the court in *Moore* held that voluntary, timely pre-award payments are never to be considered in determining penalties under section 19(k), *Moore* is overly broad. The court in *Moore* held that section 19(k) penalties should be based upon the entire amount of the type of benefit awarded, not the amount of the award outstanding at the time of the penalty hearing. (*Moore*, 188 Ill. App. 3d at 35-36, 543 N.E.2d at 1065.) We note that the *Moore* court relied on Larson's treatise on workers' compensation, which states as follows:

" 'Once the right to a penalty is established, there remains the question in some instances of how to calculate the amount. It might be thought that the percentage penalty figure should be applied only to the portion of the award as to which improper nonpayment or delay has been found, and some cases so hold. But in California, the 10% statutory penalty is applied to all benefits of the same type as those for which payment has been unreasonably withheld. This means that late payments of only legal fees or medical bills will not subject the employer to a penalty on the entire award. Likewise, if the delayed payments are for temporary disability, the penalty will not be calculated on the amount of permanent disability benefits. But once a penalty is imposed for failure to pay a type of benefit, the penalty is calculated on the entire amount of that type of benefits, including amounts which had been paid before the occurrence of the unreasonable delay.' " *Moore*, 188 Ill. App. 3d at 335-36, 543 N.E.2d at 1065, quoting 3 A. Larson, Workmen's Compensation § 83.41(d) (1989).

While Professor Larson notes that the California statute does not permit a credit for pre-award deductions, he also notes that other States, *i.e.*, Arizona, Florida, Louisiana, Oregon, and Minnesota, calculate the penalty based only upon the late or withheld payments. 3 A. Larson, Workmen's Compensation § 83.41(d) nn. 1 through 3 (1989).

The California statute discussed by Professor Larson provides as follows:

"When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent ***." (Cal. Lab. Code § 5814 (Deering 1976).)

We note that this statute, calling for the "full amount of the order *** [to] be increased by 10 percent" (Cal. Lab. Code § 5814 (Deering 1976)), differs from our statute's language calling for a 50% increase in the "amount payable at the time of such award" (820 ILCS Ann. 305/19(k) (Michie 1993)). The California legislature's use of the language "the *full* amount of the *** award" (emphasis added) (Cal. Lab. Code § 5814 (Deering 1976)) has been construed to express the legislature's intent not to credit pre-award payments when calculating penalties. (*Rhiner v. Workers' Compensation Appeals Board* (1993), 4 Cal. 4th 1213, 1223-24, 848 P.2d 244, 250-51, 18 Cal. Rptr. 2d 129, 135-36.) In contrast, our legislature's use of the language "payable at the time of such award" appears to express the intent that timely pre-award payments may be credited prior to calculating the penalty for unreasonably late or withheld payments. The phrase "payable at the

time of such award" implies an amount that would be required to be paid at the time of the award in order to satisfy the award.

The Minnesota statute on penalties more closely resembles our own than does the California statute cited in *Moore*. The Minnesota statute provides:

> "Upon reasonable notice and hearing or opportunity to be heard, the commissioner, a compensation judge, or upon appeal, the court of appeals or the supreme court may award compensation, in addition to the total amount of compensation award, of up to 25 percent of that total amount where an employer or insurer has:
>
> * * *
>
> (e) unreasonably or vexatiously discontinued compensation ***."

(Minn. Stat. Ann. § 176.225, subdivision 1 (West 1993).)

The Minnesota Supreme Court interpreted the language of its statute to exclude voluntary payments when calculating the 25% penalty for unreasonably or vexatiously delayed benefit payments. *Hines v. Kobiela* (1976), 308 Minn. 320, 324, 241 N.W.2d 814, 817.

■ We also find that allowing a credit for payments specifically credited by the arbitrator is consistent with the holding in *Moore* that the amount of benefits unpaid at the time of the penalty hearing is irrelevant to the penalty calculation. An award that includes an arbitrator's finding of pre-award payments establishes the "amount payable at the time of the award" for purposes of calculating any subsequent section 19(k) penalty. Payments not specifically credited by the arbitrator or payments made subsequent to an arbitrator's award in an otherwise untimely manner will not reduce the "amount payable at the time of the award" for purposes of calculating subsequent section 19(k) penalties.

We further note that our decision in the matter *sub judice* is consistent with our holding in *Little Company of Mary Hospital v. Industrial Comm'n* (1993), 256 Ill. App. 3d 1036, 628 N.E.2d 537. In *Little Company*, the claimant dismissed her section 19(b—1) petition when the employer agreed to advance claimant six months' TTD benefits against future TTD or PPD benefits. Six months later, claimant requested penalties because no payments were made by the employer. The arbitrator awarded penalties in the amount of 50% of the total TTD. The employer immediately paid the six months' TTD benefits and sought credit for that payment in its appeal to the Commission. This court ultimately upheld the imposition of penalties on the total TTD awarded without regard to the post-arbitration payment. (*Little Company*, 256 Ill. App. 3d at 1037, 628 N.E.2d at 538.) In *Little Company*, as in *Moore*, the employer was attempting to obtain credit for payments made after a finding of vexatious delay.

Our decision here does not change the holdings in *Moore* and *Little Company* that payments made after a finding of vexatious delay will not be credited for the purposes of calculating penalties.

Likewise, where the employer fails to assert to the arbitrator a credit for pre-award payments, as in *Moore*, the penalty will be based on the amount payable at the time of the award as determined by the arbitrator's decision. Where, as in the case *sub judice*, the arbitrator credits pre-award payments, the employer's unreasonable or vexatious delay in paying that award will result in a penalty calculated on the basis of the amount of benefits awarded by the arbitrator, thus allowing the employer credit for timely pre-award payments.

For the foregoing reasons, we affirm the decision of the circuit court confirming the Commission's award of penalties and attorney fees. We reverse the circuit court's confirmation of the Commission's determination as to the amount of the section 19(k) penalty and attorney fees awarded to the claimant and remand with direction that the section 19(k) penalty be reduced to $4,276.41 and the attorney fees assessed under section 16 be reduced to $855.28. The section 19(l) penalty is to remain as determined by the Commission.

Affirmed in part; reversed in part and remanded with directions.

McCULLOUGH, P.J., and COLWELL, RARICK, and RAKOWSKI, JJ., concur.