ROBERT ZITZKA, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Reflector Hardware Corp., Appellee).

First District (Industrial Commission Division)   No. 1—01—0955WC

Opinion filed March 14, 2002.

Richard D. Hannigan, of Richard D. Hannigan, Ltd., of Mundelein, for appellant.

Robert J. Cozzi, of Galliani, Doell & Cozzi, Ltd., of Chicago, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, Robert Zitzka, sought benefits pursuant to the Workers'

Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1994)) for injuries sustained while in the employ of Reflector Hardware Corporation (Reflector). On August 14, 1994, Zitzka, a forklift operator, was injured when a forklift went out of control and pinned him against a rock. On August 21, 1996, the arbitrator issued a decision awarding Zitzka 73$^3$/$_7$ weeks of temporary total disability (TTD) benefits and medical benefits and found Zitzka permanently partially disabled to the extent of 45% of the person as a whole.

On September 30, 1996, Reflector appealed to the Industrial Commission (Commission) (94WC51030). In its petition for review, it listed as issues TTD, medical expenses, causal connection and nature and extent of the injury. In its statement of exceptions and brief, however, Reflector stated that the only issue was the amount of medical benefits awarded. Zitzka did not file a petition for review, but did request an increase in permanency in his brief. Oral argument was held before the Commission on July 23, 1997. Reflector again limited its argument to the amount of medical expenses. Reflector disputed only the issue of whether the medical services provided to Zitzka after May 10, 1996, were causally related to his work accident and whether such services were reasonable and necessary to relieve Zitzka from the effects of the accident.

On July 31, 1997, Zitzka filed a petition seeking additional compensation pursuant to section 19(k), penalties pursuant to section 19(l), and attorney fees pursuant to section 16 of the Act. Zitzka contended that he had not received payment for any portion of the arbitrator's award and that such nonpayment was unreasonable, vexatious and merely for the purposes of delay.

On August 20, 1997, the Commission issued its decision in 94WC51030. The Commission found that the only issue being disputed by Reflector was whether medical services provided after May 10, 1996, were causally related to the work accident and that Reflector had waived all other issues. The Commission reduced the amount of medical expenses to $15,319.32 and remanded the cause to the arbitrator for the purpose of taking testimony regarding the post-May 10, 1996, medical bills so that a determination could be made as to whether they were causally related to the accident.

On September 7, 1997, counsel for Zitzka received a check dated August 8, 1997, in payment of the arbitrator's award of permanent partial disability (PPD), TTD, and interest.

A hearing on Zitzka's petition for penalties and fees was held before Commissioner Ketter on September 18, 1997. Commissioner Ketter granted the parties' request to submit briefs and scheduled the case for oral arguments. On March 11, 1998, oral arguments were

held before the Commission. Reflector acknowledged that at oral arguments on its appeal of the arbitrator's decision it raised only the issue of medical expenses. Reflector argued that issues could be preserved for appeal to the Commission by raising them in either the petition for review or the statement of exceptions and supporting brief. The Commission rejected this argument, finding that pursuant to section 7040.70(d) of the rules governing the practice before the Commission, an issue had to be raised in both the petition for review and the statement of exceptions in order to be properly preserved for review. The Commission concluded that the only issue before it was the medical expense issue. Relying on *Mid-American Lines, Inc. v. Industrial Comm'n*, 82 Ill. 2d 47, 411 N.E.2d 254 (1980), however, Reflector argued that an employer was not required to pay any part of an award where there is a legitimate dispute over some portion thereof, in order to avoid "piecemeal" payment of awards. The Commission rejected Reflector's interpretation of *Mid-American Lines*, noting that Reflector's September 4, 1997, payment of a portion of the uncontested award belied its argument against payment of an award in a piecemeal fashion. The Commission concluded that Reflector raised no good-faith issues with respect to the issues of TTD and PPD and that its delay in paying the uncontested portion of the arbitrator's award was unreasonable and vexatious. The Commission awarded $32,791 in penalties pursuant to section 19(k) and $6,558.29 in attorney fees pursuant to section 16.

Reflector sought judicial review of this decision in the circuit court of Cook County. The circuit court reversed the Commission's decision, finding that the delay was not deliberate or the result of bad faith or an improper purpose, the standard for imposing penalties pursuant to section 19(k) and awarding attorney fees pursuant to section 16. The court noted that Reflector paid the TTD and PPD awards shortly after being requested to do so and that its failure to pay sooner was based upon its belief that *Mid-American Lines* did not require any payment of an award where a portion thereof was on review. Although the court characterized Reflector's interpretation of *Mid-American Lines* as being a "close question," it found Reflector's reliance thereon to have been in good faith. Noting that the standard for imposing penalties pursuant to section 19(l) was lower than that required for section 19(k), the court remanded the cause to the Commission for a determination of whether section 19(l) penalties should be awarded. Upon remand, the Commission awarded $2,500 in penalties pursuant to section 19(l). The circuit court confirmed the decision of the Commission.

Zitzka now appeals both the circuit court's original order remanding the cause to the Commission and its decision confirming the Commission's decision on remand.

On appeal, Zitzka argues first that the Commission's decision to award additional compensation pursuant to section 19(k) and attorney fees pursuant to section 16 was not against the manifest weight of the evidence and that the circuit court erred in so finding.

■ Section 19(k) provides:

"(k) In case [*sic*] where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award. Failure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay." 820 ILCS 305/19(k) (West 1994).

■ Section 16 provides in pertinent part:

"Whenever the Commission shall find that the employer, his or her agent, service company or insurance carrier has been guilty of delay or unfairness towards an employee in the adjustment, settlement or payment of benefits due such employee within the purview of the provisions of paragraph (c) of Section 4 of this Act; or has been guilty of unreasonable or vexatious delay, intentional underpayment of compensation benefits, or has engaged in frivolous defenses which do not present a real controversy, within the purview of the provisions of paragraph (k) of Section 19 of this Act, the Commission may assess all or any part of the attorney's fees and costs against such employer and his or her insurance carrier." 820 ILCS 305/16 (West 1994).

■ Where there has been a delay in paying compensation, the employer bears the burden of justifying the delay. *Modern Drop Forge Corp. v. Industrial Comm'n*, 284 Ill. App. 3d 259, 671 N.E.2d 753 (1996). Whether the delay was unreasonable or vexatious and whether the imposition of penalties is warranted are questions of fact for the Commission, and its decisions thereon will not be disturbed on review unless they are contrary to the manifest weight of the evidence. *Roodhouse Envelope Co. v. Industrial Comm'n*, 276 Ill. App. 3d 576, 658 N.E.2d 838 (1995). In the present case, the circuit court found that in imposing penalties pursuant to section 19(k) and attorney fees pursuant to section 16, the Commission employed the wrong standard, and that the evidence did not show that Reflector's conduct was egregious enough to warrant an award of section 19(k) penalties and attorney fees.

■ In *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 702 N.E.2d 545 (1998), our supreme court commented on the standard for award-

ing penalties pursuant to section 19(k) and attorney fees pursuant to section 16:

"Viewing the statute as a whole, we believe that section 19(k) and section 19(l) were actually intended to address different situations. The additional compensation authorized by section 19(l) is in the nature of a late fee. The statute applies whenever the employer or its carrier simply fails, neglects, or refuses to make payment or unreasonably delays payment 'without good and just cause.' If the payment is late, for whatever reason, and the employer or its carrier cannot show an adequate justification for the delay, an award of the statutorily specified additional compensation is mandatory.

In contrast to section 19(l), section 19(k) provides for substantial penalties, imposition of which are discretionary rather than mandatory. [Citation.] The statute is intended to address situations where there is not only a delay, but the delay is deliberate or the result of bad faith or improper purpose. This is apparent in the statute's use of the terms 'vexatious,' 'intentional' and 'merely frivolous.' Section 16, which uses identical language, was intended to apply in the same circumstances." *McMahan,* 183 Ill. 2d at 515, 702 N.E.2d at 552-53.

■ In the present case, Reflector maintains that it did not pay the uncontested portions of the award on the belief that it was not required to pay an award until all issues are resolved and that its position was based upon its interpretation of *Mid-American Lines.* Thus, Reflector maintains, its conduct was not so egregious as to warrant the imposition of section 19(k) penalties. Reviewing the Commission's decision, it is unclear whether the Commission employed the wrong standard, as the circuit court found, or whether the Commission determined as a matter of fact that Reflector's reliance on *Mid-American Lines* was so misplaced as to constitute bad faith. If the former, the circuit court was correct in reversing the Commission because the Commission employed the wrong legal standard. If the latter, the question is whether the Commission's conclusion was contrary to the manifest weight of the evidence. Resolution of this question turns on whether Reflector's interpretation of and reliance on *Mid-American Lines* was objectively reasonable.

In *Mid-American Lines,* Dorothy Johnson sought benefits pursuant to the Act for the fatal injuries of her husband, Walter. The parties stipulated that Walter Johnson's death was compensable, but they could not agree that he had dependents entitled to an award or on the amount of the medical expense award. The Commission determined that the decedent was survived by his widow, Dorothy, and a minor child, Dorothy Victoria Gilmore, the widow's granddaughter, to whom defendant stood *in loco parentis.* The Commission ordered that the

death benefits were to be paid to the widow, for her benefit and use, and for the care, education and maintenance of Gilmore. The circuit court remanded the cause to the Commission for further evidence on the relationship between Gilmore and the decedent, but confirmed the Commission's decision in all other aspects.

Prior to rehearing, the widow filed a petition seeking penalties and fees. The Commission consolidated the hearing on the *in loco parentis* issue with the hearing on the widow's petition. The employer conceded that the decedent stood *in loco parentis* to Gilmore and ordered that 50% of the award be used solely for her care, education and maintenance. The Commission also awarded penalties and fees. The circuit court set aside the assessment of penalties and fees, but otherwise confirmed the Commission's decision.

On appeal, the widow argued, *inter alia*, that the Commission's award of penalties and fees was proper. The court in *Mid-American Lines* disagreed, finding that payment was tendered before the award became final. The court held that "[t]he dispute over the form of the payments in the instant case was legitimate. Although it involved only a portion of the award, the respondent was entitled to withhold payments under these facts until this issue was resolved." *Mid-American Lines,* 82 Ill. 2d at 62.

*Mid-American Lines* cannot reasonably be read to support Reflector's position. The only type of award made in *Mid-American* was a death benefit award. It appears that the employer in *Mid-American* withheld payment of the award because there was a dispute as to how a portion of it was to be paid. In the present case, the workers' compensation award included TTD, PPD and medical expense awards. While Reflector disputed the medical expense award, it did not dispute the TTD or PPD award. Reflector had no legitimate reason to withhold payment of the undisputed awards and nothing in *Mid-American Lines* supports the proposition that the undisputed portions of a workers' compensation award can be withheld. The Commission's award of section 19(k) penalties and section 16 attorney fees was proper, and the circuit court erred in finding to the contrary.

Zitzka also argues that we should affirm the award of penalties pursuant to section 19(l). Reflector has not cross-appealed, nor does it argue in its reply brief that this award was improper. Thus, this issue is not properly before us.

■ Reflector argues in its reply brief that the Commission erroneously awarded section 19(k) penalties in the amount of 50% of the entire PPD award, rather than that portion that was due and owing as of September 4, 1997. Specifically, Reflector contends that Zitzka was temporarily totally disabled through January 11, 1996, that the

PPD award was to be paid in weekly installments of $271.04 for 225 weeks. The entire PPD award was paid in lump sum, however, on September 4, 1997. Thus, Reflector contends, section 19(k) penalties could only be assessed for the TTD benefits and the PPD benefits that accrued between January 12, 1996, and September 4, 1997, a period of 85 weeks. Because the attorney fee award was based upon the amount of section 19(k) penalties awarded, Reflector argues, it too was incorrect.

Section 19(k) provides for additional compensation "equal to 50% of the amount payable at the time of such award." 820 ILCS 305/19(k) (West 1994). In *Moore v. Industrial Comm'n*, 188 Ill. App. 3d 31, 543 N.E.2d 1062 (1989), the court considered the meaning of the phrase "amount payable at the time of such award." In its appeal to the Commission, the employer had attempted to claim a credit in the amount of $4,811.82 for a prior payment. The Commission ruled that because the employer failed to request a credit for this payment at the time of arbitration, it could not now have a credit for that payment. Nevertheless, when the employer paid the award to the claimant, it withheld this amount. Claimant filed a petition for section 19(k) penalties and attorney fees. The Commission awarded section 19(k) penalties in the amount of 50% of the entire original award. The circuit court reduced the penalty to 50% of $4,811.82, the amount of the award that remained unpaid by the employer. On appeal to this court, the issue was whether the phrase "amount payable at the time of such award" referred to the amount of the award that remained unpaid at the time the penalty is awarded or the entire amount of the original compensation award. After considering the language of the statute, the remedial purposes of the Act, Larson's treatise on workers' compensation (3 A. Larson, Workmen's Compensation § 83.41(d) (1989)), and our supreme court's holding in *Robertson v. Travelers Insurance Co.*, 95 Ill. 2d 441, 448 N.E.2d 866 (1983), this court concluded that "amount payable" referred to the entire amount of the type of benefit originally awarded.

In *Little Company of Mary Hospital v. Industrial Comm'n*, 256 Ill. App. 3d 1036, 628 N.E.2d 537 (1993), the employer agreed to advance six months' TTD benefits as an advance against any permanency or TTD award and payment of outstanding medical expenses. After six months, the advance had not been made, and the claimant sought penalties and attorney fees. The arbitrator found the employer's delay to be intentional and frivolous and awarded section 19(k) penalties in the amount of 50% of the TTD award. Prior to review by the Commission, the employer paid the advance. The Commission affirmed the decision of the arbitrator, and the circuit court confirmed the decision of

the Commission. The employer appealed the imposition of section 19(k) penalties, arguing that the imposition of penalties on the entire TTD award was excessive. The employer attempted to distinguish *Moore* by arguing that liability for payment of TTD arose as a matter of contract rather than as a result of an award by the Commission. Rejecting the employer's argument, we held that "the rule set forth in *Moore* (to apply section 19(k) penalties to the entire amount of compensation *due at the time of the penalty hearing*) applies whether the liability to pay results from a contract or an award." (Emphasis added.) *Little Company of Mary Hospital*, 256 Ill. App. 3d at 1039-40.

In *Lester v. Industrial Comm'n*, 256 Ill. App. 3d 520, 628 N.E.2d 191 (1993), the claimant sustained an injury to his hand which resulted in the amputation of three fingers. In addition to TTD and PPD awards, the arbitrator awarded claimant section 19(k) penalties and attorney fees based upon the employer's 14-month delay in paying the 80 weeks of compensation claimant was automatically entitled to pursuant to section 8(e). The amount of the penalty award was based upon the entire 80 weeks. The Commission reduced the penalty and fee award, finding that $66^1/_7$ weeks had passed when the employer tendered payment, and that the penalty and fee award should be based upon the amount of compensation that had accrued at the time of payment. On appeal, the claimant argued that the amount of penalties and fees were to be calculated on the entire amount of the type of award in question rather than just the portion that had accrued prior to payment. This court held that penalties and fees were to be based upon the amount that had accrued at the time payment was tendered and that penalties should not be based upon benefits that have yet to accrue. *Lester*, 256 Ill. App. 3d at 524.

The present case is more analogous to *Lester* than to *Moore* or *Little Company of Mary Hospital*. In those cases, the entire amount of the award had accrued and the issue was whether penalties should be computed based upon the entire award or simply that portion which had accrued but had not yet been paid. In the present case, as in *Lester*, the issue is whether penalties and fees should be calculated based upon the entire award, or only that amount that has *accrued* at the time of the penalty hearing. We hold that penalties and attorney fee awards should be calculated on the amount of the award that has accrued at the time of the penalty hearing. Amounts that have not yet accrued should not be included in the calculation. To the extent *Moore* can be read to hold otherwise, we decline to follow it.

For the foregoing reasons, that part of the circuit court's judgment reversing the Commission's award of section 19(k) penalties and sec-

tion 16 attorney fees is reversed, and the cause is remanded to the Commission for a determination thereof.

Circuit court affirmed in part, and reversed and remanded in part.

McCULLOUGH, P.J., and HOFFMAN, O'MALLEY, and HOLDRIDGE, JJ., concur.