JAMES WILLIAMS, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Armour Swift-Eckrich, Appellant).

Second District (Industrial Commission Division)    No. 2—02—0656WC

Opinion filed February 4, 2003.

Gail A. Galante, of O'Hagan, Smith & Amundsen, of Wheaton, for appellant.

Michelle D. Porro, of Presbrey & Associates, P.C., of Aurora, for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

After receiving an award of permanent partial disability (PPD) benefits from his employer, Armour Swift-Eckrich (Armour), the claimant, James Williams, filed a petition seeking an award of penalties pursuant to section 19(k) of the Workers' Compensation Act (Act) (820 ILCS 305/19(k) (West 2000)) and the assessment of attorney fees under section 16 of the Act (820 ILCS 305/16 (West 2000)) due to Armour's delay in paying the benefits. The Industrial Commission (Commission) denied the petition. The circuit court, however, set aside the Commission's decision and remanded the matter to the Commission with instructions that it assess section 19(k) penalties in the amount of 50% of the benefit award and determine what attorney fees are due under section 16 and assess fees in that amount. Armour now appeals from the circuit court order setting aside the Commission's decision. For the following reasons, we dismiss the appeal.

On January 15, 1998, the claimant sustained accidental injuries which arose out of and in the course of his employment with Armour. Thereafter, he filed a timely application for adjustment of claim seeking benefits under the Act. Following a hearing, an arbitrator issued a decision on November 9, 2000, awarding the claimant permanent partial disability (PPD) benefits of $285.50 per week for 105.75 weeks, representing the 20% loss of use of the claimant's left arm and the 25% loss of use of his right arm. Neither party sought a review of the arbitrator's decision.

On March 14, 2001, the claimant filed a petition with the Commission seeking an award of penalties under section 19(k) of the Act and

the assessment of attorney fees under section 16 of the Act by reason of Armour's delay in paying the award. On that same day, Armour's workers' compensation claims administrator, Gallagher Bassett Services, sent a check via Federal Express overnight delivery to the claimant's attorney in the amount of the award plus a voluntary payment of interest thereon. The claimant's attorney received the payment on March 15, 2001.

On August 8, 2001, the Commission denied the claimant's petition for the assessment of penalties and attorney fees. In its decision, the Commission noted that Armour asserted that the delay in payment of the award occurred because both the claim supervisor and claim examiner assigned to this claim quit and the file lay unexamined. In denying the claimant's petition, the Commission found that Armour was "not guilty of 'unreasonable or vexatious delay of payment, or intentional underpayment of compensation' as required for penalties under Section 19(k)." It also found that a 78-day delay in payment is not an unusually long delay and that Armour's voluntary payment of interest on the award showed a lack of any "vexatious" intent.

The claimant sought judicial review of the Commission's decision in the circuit court of Kane County. On June 10, 2002, the circuit court entered an order, finding that the Commission's decision denying the claimant's petition for penalties and attorney fees was against the manifest weight of the evidence. The circuit court reversed the Commission's decision and remanded the matter back to the Commission "for the purposes of assessing a penalty in the amount of 50% of the amount awarded in conformance with 820 ILCS 350/19(k) [sic] and for the purpose of determining and assessing what attorneys [sic] fees are due in conformance with 820 ILCS 350/16 [sic]." On June 27, 2002, Armour filed a notice of appeal from the circuit court's order of June 10. In urging reversal, Armour argues that the Commission's decision denying the claimant's petition for penalties and attorney fees was not against the manifest weight of the evidence and that, ac- cordingly, the circuit court erred in setting it aside.

■ Even though the issue was not raised by either party, this court has an obligation to determine if it has jurisdiction to entertain this appeal. *In re Marriage of Betts*, 159 Ill. App. 3d 327, 330, 511 N.E.2d 732 (1987). As the Illinois Supreme Court noted in *In re Marriage of Verdung*, 126 Ill. 2d 542, 553, 535 N.E.2d 818 (1989):

"Jurisdiction of appellate courts is limited to reviewing appeals from final judgments, subject to statutory or supreme court rule exceptions. [Citations.] A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. [Citations.]"

■ When the circuit court reverses a decision of an administrative agency and remands the case to the agency for further proceedings involving disputed questions of law or fact, the order is not final for purposes of appeal. *Wilkey v. Illinois Racing Board*, 96 Ill. 2d 245, 249-50, 449 N.E.2d 843 (1983). If, however, the agency on remand has only to act in accordance with the directions of the court and conduct proceedings on uncontroverted incidental matters or merely make a mathematical calculation, then the order is final for purposes of appeal. See *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52, 54-55, 485 N.E.2d 335 (1985); *Wilkey*, 96 Ill. 2d at 249-50.

In the statement of jurisdiction contained in its brief, Armour asserts that the circuit court's order of June 10, 2002, is "final for purposes of appeal," contending that, on remand, the "Commission is only required to make a mathematical calculation of the amount of the penalty and attorney's fee." We disagree.

■ Although the calculation of the amount of a penalty awarded pursuant to section 19(k) of the Act is purely a mathematical computation (see 820 ILCS 305/19(k) (West 2000) (50% of the amount payable at the time of the award)), the same cannot be said of an assessment of attorney fees pursuant to section 16. In pertinent part, section 16 of the Act provides:

"Whenever the Commission shall find that the employer, his or her agent, service company or insurance carrier has been guilty of delay or unfairness towards an employee in the *** payment of benefits due such employee within the purview of the provisions of paragraph (c) of Section 4 of this Act; or has been guilty of unreasonable or vexatious delay, [or] intentional under-payment of compensation benefits *** within the purview of the provisions of paragraph (k) of Section 19 of this Act, *the Commission may assess all or any part of the attorney's fees and costs* against such employer and his or her insurance carrier." (Emphasis added.) 820 ILCS 305/16 (West 2000).

Unlike the assessment of a penalty pursuant to section 19(k), section 16 of the Act does not contain a formula to be used by the Commission in assessing attorney fees against an employer who unreasonably, vexatiously or intentionally delays the payment of compensation benefits. The amount of fees to be assessed is a matter committed to the discretion of the Commission. See *Stephens v. Industrial Comm'n*, 284 Ill. App. 3d 269, 273-76, 671 N.E.2d 763 (1996).

■ The circuit court's order of June 10, 2002, directed the Commission to both assess a penalty pursuant to section 19(k) of the Act in the sum of 50% of the claimant's award and to determine and assess the amount of attorney fees to be awarded to the claimant pursu-

ant to section 16 of the Act. The latter determination is not merely a proceeding on an uncontroverted incidental matter nor can it be resolved by the application of a simple mathematical calculation. The determination of the amount of fees to be assessed pursuant to section 16 is a matter committed to the Commission's discretion, involving a question of fact subject to dispute by the parties. As a consequence, the circuit court's order of June 10, 2002, is not final (see *Wilkey*, 96 Ill. 2d at 249-50), and this appeal must be dismissed for want of jurisdiction.

Appeal dismissed.

McCULLOUGH, P.J., and O'MALLEY, Jack, HOLDRIDGE, and GOLDENHERSH, JJ., concur.