ARMOUR SWIFT-ECKRICH, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (James Williams, Appellee).

Second District (Illinois Workers' Compensation Commission Division)
No. 2—04—0508WC

Opinion filed February 2, 2005.—Rehearing denied March 16, 2005.

GOLDENHERSH, J., dissenting, joined by HOLDRIDGE, J.

Gail A. Galante, of O'Hagan, Smith & Amundsen, of Wheaton, for appellant.

Michelle D. Porro and Kim Edward Presbrey, both Presbrey & Associates, P.C., of Aurora, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

The employer, Armour Swift-Eckrich, appeals from the order of the circuit court of Kane County that confirmed the Industrial Commission's[1] (Commission) decision on remand awarding penalties and attorney fees pursuant to sections 19(k) and 16 of the Workers' Compensation Act (Act) (820 ILCS 305/16, 19(k) (West 2002)). The issue on appeal is whether the Commission's order of August 8, 2001, denying penalties and attorney fees should be reinstated. We reverse the order of the circuit court of Kane County and reinstate the Commission's order of August 8, 2001, denying penalties and attorney fees.

On January 15, 1998, claimant sustained repetitive trauma injury to both arms while working for the employer. On November 27, 2000, an arbitrator entered an award under the Act for permanent partial disability benefits in the amount of $30,191.63, representing 20% loss of use of the left arm and 25% loss of use of the right arm. Neither party sought review of the decision of the arbitrator.

On March 14, 2001, claimant filed a petition for penalties and at-

[1]The name of the Industrial Commission was changed to the Illinois Workers' Compensation Commission on January 1, 2005. However, for the sake of consistency, we will continue to use the name "Industrial Commission" in this case.

torney fees. On that date, the employer sent, via overnight delivery, a draft which was received by claimant's counsel on March 15, 2001. In addition to the amount of the award of $30,191.63, the employer paid $304.44 interest, for a total of $30,496.07.

On May 10, 2001, the Commission held a hearing on claimant's petition for penalties and attorney fees. At the hearing, the employer contended that the delay in payment was due to personnel changes at the third-party administrator, Gallagher Bassett Services. Employer contended that all of the original staff, as well a newly hired examiner, had recently left Gallagher Bassett.

On August 8, 2001, the Commission entered an order denying claimant's petition for penalties and attorney fees. The Commission noted the employer's claim that there had been personnel changes at the third-party administrator. The Commission also noted that the employer had voluntarily added interest to the amount awarded. Claimant sought review. The circuit court reversed the Commission. The court took note of the additional interest payment but noted that the determination of the amount of penalty for delay was in the power of the Commission and not the employer and that the sole justification for delay given by the employer was a change in personnel. The court reversed the decision of the Commission and remanded the matter with instruction that a penalty in the amount of 50% of the award be assessed in conformance with section 19(k) (820 ILCS 350/19(k) (West 2002)) and to assess what attorney fees were due under section 16 (820 ILCS 350/16 (West 2002)).

The employer appealed to this court. *Williams v. Industrial Comm'n*, 336 Ill. App. 3d 513, 784 N.E.2d 396 (2003). This court dismissed the appeal for want of jurisdiction, stating that when a circuit court reverses a decision of the Commission and remands the case for further proceedings involving disputed questions of law or fact, as opposed to mathematical calculations or uncontroverted incidental matters, the order is not final for purposes of appeal.

On remand from the circuit court, the Commission entered an award of penalties in the amount of $15,095.82 pursuant to section 19(k) of the Act, that being 50% of the delinquently paid award of $30,191.63, and attorney fees in the amount of $6,038.33 pursuant to section 16 of the Act, that being 20% of the delinquently paid award of $30,191.63. The circuit court confirmed the Commission and the employer appeals.

■ Section 19(k) provides:

"In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by one liable to pay

the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award." 820 ILCS 350/19(k) (West 2002).

Section 16 allows for the sanction of attorney fees in the same circumstances. *Mechanical Devices v. Industrial Comm'n*, 344 Ill. App. 3d 752, 763, 800 N.E.2d 819, 829 (2003).

The employer has the burden of proving that its delay was justified. *Roodhouse Envelope Co. v. Industrial Comm'n*, 276 Ill. App. 3d 576, 579, 658 N.E.2d 838, 840 (1995). Whether the employer acted unreasonably or vexatiously is a question of fact to be determined by the Commission, and its findings should not be disturbed unless the determination is against the manifest weight of the evidence. *Roodhouse Envelope*, 276 Ill. App. 3d at 579, 658 N.E.2d at 840.

The penalty was imposed upon remand after the circuit court reversed the initial decision of the Commission denying any penalty. Therefore, the question presented to us is whether the circuit court erred when it reversed the Commission's initial decision. *Inter-City Products Corp. v. Industrial Comm'n*, 326 Ill. App. 3d 185, 196, 759 N.E.2d 952, 961 (2001).

■ The delay in this case was 78 days after the award became final. The briefs refer to *Roodhouse Envelope*, 276 Ill. App. 3d at 580, 658 N.E.2d at 840 (payment was made 87 days "after [employer] received notification of the award"), *Board of Education of the City of Chicago v. Industrial Comm'n*, 351 Ill. 128, 131, 184 N.E. 202, 203 (1932) (payment was 90 days late), *Zitzka v. Industrial Comm'n*, 328 Ill. App. 3d 844, 848, 767 N.E.2d 405, 408 (2002) (delay of one year unreasonably based on erroneous interpretation of the law), and *Sanchez v. Industrial Comm'n*, 53 Ill. 2d 514, 518, 292 N.E.2d 724, 726 (1973), where the Commission declined to issue a penalty though payment was not made until 52 days after the award became final, and the appellate court affirmed the denial on the basis that payment was delayed because there were negotiations to arrive at a lump-sum settlement.

Sections 19(k) and 16 do not mandate that penalties be imposed after a certain period of delay. In contrast to other penalties under the Act which are mandatory, the awarding of substantial penalties under section 19(k) and attorney fees under section 16 is discretionary. *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 515, 702 N.E.2d 545, 553 (1998). The Commission "*may* award compensation additional to that otherwise payable." (Emphasis added.) 820 ILCS 305/19(k) (West 2002). The employer contends that penalties under these sections are

limited to situations where the Commission finds the delay is deliberate, the result of bad faith, or for an improper purpose. Sections 19(k) and 16 call for penalties for "unreasonable *or* vexatious delay" in payment. (Emphasis added.) 820 ILCS 305/19(k), 16 (West 2002).

The Commission, in its August 8 order denying penalties, stated:

> "Upon consideration of all the circumstances, the Commission decides that [the employer] is not guilty of 'unreasonable or vexatious delay of payment, or intentional underpayment of compensation' as required for penalties under Section 19(k). The total delay in payment is 78 days, not an unusually long payment delay. The voluntary payment of interest on the awards further shows lack of any 'vexatious' intent delaying the payment of this award."

The supreme court in *McMahan* addressed the Commission's prerogative with respect to section 19(k) penalties and section 16 attorney fees. The supreme court stated:

> "[I]mposition of section 19(k) penalties and section 16 attorney fees requires a higher standard than an award of additional compensation under section 19(l). Although all three provisions refer to unreasonable delay, the standard under section 19(l) must differ from that set forth in section 19(k) and repeated in section 16. Otherwise, whenever there was an 'unreasonable delay' for purposes of section 19(l) there would automatically be an 'unreasonable delay' for purposes of section 19(k). The two provisions would essentially be redundant.
>
> Viewing the statute as a whole, we believe that section 19(k) and section 19(l) were actually intended to address different situations. The additional compensation authorized by section 19(l) is in the nature of a late fee. The statute applies whenever the employer or its carrier simply fails, neglects, or refuses to make payment or unreasonably delays payment 'without good and just cause.' If the payment is late, for whatever reason, and the employer or its carrier cannot show an adequate justification for the delay, an award of the statutorily specified additional compensation is mandatory.
>
> In contrast to section 19(l), section 19(k) provides for substantial penalties, imposition of which are discretionary rather than mandatory. See *Smith v. Industrial Comm'n*, 170 Ill. App. 3d 626, 632 (1988). The statute is intended to address situations where there is not only a delay, but the delay is deliberate or the result of bad faith or improper purpose. This is apparent in the statute's use of the terms 'vexatious,' 'intentional' and 'merely frivolous.' Section 16, which uses identical language, was intended to apply in the same circumstances." *McMahan*, 183 Ill. 2d at 514-15, 702 N.E.2d at 552-53.

In *McMahan*, the court found that "[t]he employer's conduct was not the result of simple inadvertence or neglect. More was involved than a lack of good and just cause. The employer made an intentional decision not to honor its statutory obligations to the employee." *McMahan*, 183 Ill. 2d at 515, 702 N.E.2d at 553.

In the instant case, the Commission, in its discretion, determined that the employer was not guilty of unreasonable or vexatious delay. We agree.

The order of the circuit court of Kane County is reversed and the Industrial Commission's August 8, 2001, decision denying penalties is reinstated.

Circuit Court of Kane County reversed; Industrial Commission's decision reinstated.

HOFFMAN and CALLUM, JJ., concur.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent. I disagree with the majority on two basic elements of its disposition. First, the majority note that section 19(k) penalties may be awarded in cases of unreasonable *or* vexatious delay of payment. Their disposition, however, deals glancingly with the question of unreasonableness and concentrates essentially on vexatiousness or the lack of vexatiousness. The crux of the issue met by the parties in this appeal is the question of unreasonableness, not vexatiousness.

Relying on *McMahan*, the majority limit the application of section 19(k) to situations where there has been vexatious conduct on the part of the employer. *McMahan* does not apply to the case at hand. *McMahan* addressed issuing penalties for delay in continuing weekly compensation benefits due an employee during the period of temporary total disability (TTD). *McMahan*, 183 Ill. 2d at 514-15, 702 N.E.2d at 552-53. *McMahan* limited section 19(k) to cases of vexatious conduct in those situations in order to distinguish section 19(k) from section 19(l), which also allows for penalties for not making continuing payments for TTD. *McMahan*, 183 Ill. 2d at 514-15, 702 N.E.2d at 552-53. Extending *McMahan* to cases involving delay after the entry of an award ignores the plain language of section 19(k).

As to the real issue at hand, the reasonableness or unreasonableness of employer's conduct, the circuit judge, Judge Colwell, who reversed the initial Commission decision, rendered these words of wisdom in his order:

"The sole excuse in justification of the delay, offered by the [employer], seems to be an unexplained change in personnel.

> It is unreasonable that the [claimant] should be required to undertake the burden of the consequences of [the employer's] personnel practices or of its work place policies."

Judge Colwell was right. Accordingly, I would affirm the circuit court of Kane County.

HOLDRIDGE, J., joins this dissent.